# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRANDON STANFORD,
　　　　　Appellant,

v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
CH-0752-23-0065-I-1

DATE: July 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brandon Stanford, Kansas City, Missouri, pro se.

Lori L. Markle, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        In October 2022, the agency removed the appellant from the position of Postal Clerk based on a charge of unacceptable conduct. *Stanford v. U.S. Postal Service*, MSPB Docket No. CH-0752-23-0065-I-1, Initial Appeal File (0065 IAF), Tab 2. The next month, the appellant filed an initial appeal, challenging the removal action. 0065, Tab 1. After some development of the record, the parties entered into a settlement agreement. 0065 IAF, Tab 25. Among other things, the agreement provided that the appellant's removal would be replaced with a resignation, the Board appeal would be dismissed with prejudice, and the Board would retain jurisdiction for enforcement purposes. *Id*. at 5-7, 12. The administrative judge issued notice of her intent to dismiss the appeal as settled, absent a response from either party to the contrary. 0065 IAF, Tab 26. Since neither party did respond, the administrative judge dismissed the appeal as settled in March 2023. 0065 IAF, Tab 28, Initial Decision (0065 ID).

¶3        In September 2023, the appellant filed a new pleading, which was initially docketed as a new Board appeal. *Stanford v. U.S. Postal Service*, MSPB Docket No. CH-0752-23-0469-I-1, Initial Appeal File (0469 IAF), Tab 1. Within, the appellant simply stated as follows:

> I came to the MSP[B] for wrongfully being placed on emergency placement by the USPS. During the multiple talks with the agency representative and the Judge I told them of a settlement that was signed by management that the agency lawyer told the judge and myself wasn't a valid settlement. On May 17, 2023[,] that very settlement was awarded to me. However[,] the fact that I resigned because that was the main document that I had to stand on because I knew I did nothing wrong.

*Id*. at 5. In the subsequent period, the administrative judge issued multiple jurisdictional and timeliness orders, but the appellant did not respond to any. 0469 IAF, Tabs 2-5. He did, however, appear at a November 2023 status conference. 0469 IAF, Tab 9. There, the appellant indicated that his intent was to challenge the validity of the earlier settlement agreement. *Id*. Consequently,

the administrative judge issued a December 2023 decision, dismissing this second appeal and referring the matter to the Clerk of the Board for docketing as a petition for review in the original Board appeal. 0469 IAF, Tabs 9, 10, Initial Decision.

¶4 The Clerk of the Board issued a December 2023 acknowledgement letter. *Stanford v. U.S. Postal Service*, MSPB Docket No. CH-0752-23-0065-I-1, Petition for Review (0065 PFR) File, Tab 2. Among other things, it explained that the appellant's September 2023 filing was now being construed as a petition for review of the March 2023 initial decision for his original appeal. *Id*. The acknowledgement letter further explained that the appellant's petition appeared untimely by several months. *Id*. at 2. Accordingly, the Clerk of the Board instructed the appellant to establish the timeliness of his petition or good cause for its untimeliness. *Id*. The appellant did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of*

*the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        As stated in the March 2023 initial decision dismissing the appellant's original appeal as settled, a petition for review of that decision was due in April 2023. 0065 ID at 3. The appellant did not submit anything to the Board during that period or the months that followed, until September 2023. Although the appellant was warned that this September 2023 pleading appeared to be an untimely petition for review and given an opportunity to present good cause for his untimeliness, the appellant did not respond. We therefore find the appellant's petition untimely filed, without a showing of good cause.[2]

¶7        Accordingly, we dismiss the petition for review. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's removal appeal as settled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Even if we were to find the petition timely, or excuse its untimeliness, the appellant has not presented any basis for invalidating his settlement agreement with the agency. A party may file a petition for review challenging the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 4 (2006). Here, we have a prehearing summary indicating that the appellant intended to challenge the validity of his settlement agreement. 0469 IAF, Tab 9. But the appellant has not presented any argument or evidence about the same.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.